IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BRIAN MOORE and LAFAYETTE WILSON, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO.: 19-727 ) ) |
| OUTOKUMPU STAINLESS USA, LLC, | ) ) ) |
| Defendant. | ) ) ) ) |

## COMPLAINT

Plaintiffs Brian Moore and Lafayette Wilson bring this action against Defendant Outokumpu Stainless USA, LLC ("Defendant"). Plaintiffs seek relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq. and/or the common law of Alabama for the claims described herein.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §§ 201, et seq. and 28 U.S.C. § 1331, and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367 because the state law claims derive from a common nucleus of operative facts as the claims under the FLSA.

2. Venue is this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3. The Plaintiffs are individuals employed by Defendant at Defendant's facility in Mobile County, Alabama. Plaintiffs are each an employee fully entitled to the FLSA's protections

4. Brian Moore resides in Baldwin County, Alabama. Lafayette Wilson resides in Clarke County, Alabama.

5. Defendant Outokumpu Stainless USA, LLC is a corporate entity registered to do business in Alabama. Defendant is subject to personal jurisdiction in the State of Alabama for purposes of this Lawsuit.

6. At all material times to this action, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

7. Defendant is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that moved in and/or were produced in commerce.

8. Defendant is an employer covered by the record-keeping, minimum wage, and overtime mandates of the FLSA.

9. The Plaintiff performed work for Defendant in Mobile County, Alabama as "employees" of Defendant as defined by § 203(e)(1) of the FLSA. All the factual allegations set out herein pertain to practices of Defendant at its Mobile County, Alabama facility. The factual allegations herein concern the same practices which are the subject of the civil action styled Hornady et al v. Outokumpu Stainless USA, LLC, 1:18-cv-00317-JB-N currently pending in this United States District Court.

## FACTS

10. Plaintiff Moore has been employed by Defendant as a First Operator at its facility located in Calvert, Alabama from 2013 through present. Plaintiff Wilson has been employed by Defendant as an Operator at its facility located in Calvert, Alabama since on or about August 1, 2016. Plaintiffs are paid hourly by Defendant and are not subject to any exemption from

entitlement to overtime pay at a rate of 1.5 X regular rates for hours worked in excess of 40 hours in a workweek.

11. For the entirety of the period from September 2016 through May 6, 2018 Defendant would round recorded time when Plaintiffs clocked in before a scheduled shift to the scheduled start time (up to a maximum of 30 minutes). Employees, like Plaintiffs, who clocked in even 1 minute after the scheduled start of a shift were assigned "occurrences" which were tallied and could lead to discipline and termination. If employees, like Plaintiffs, clocked out even 1 minute before the scheduled end of shift they were also assigned "occurrences" which were tallied and could lead to discipline and termination. When employees, like Plaintiffs, clocked out between 1 and 14 minutes after the scheduled end of shift, the time worked was rounded down to the scheduled end of shift. Employees, like Plaintiffs, who clocked out more than 15 minutes after the scheduled end of shift without obtaining approval were also given "occurrences" that could lead to discipline or termination.

12. After May 6, 2018 Defendant would generally only "round" time to result in a maximum 7 minutes that employees, like Plaintiffs, would not be paid for time the employee was clocked in at either the beginning or end of a shift. Defendant instructed its employees, like Plaintiffs, that as of May 6, 2018 that they were not to clock in more than 7 minutes before the scheduled start of shift. However, "occurrences" were still assigned when employees clock in either 1 minute after the scheduled start of a shift, or 1 minute before the scheduled conclusion of a shift. Defendant instructed Plaintiffs not to clock out more than 7 minutes after the scheduled end of shift, and employees who clock out more than 7 minutes after the scheduled end of shift without supervisor authorization are given an "occurrence."

13. Under Defendant's timekeeping practices until May 6, 2018, for example, if Plaintiffs clocked in at 5:31 p.m. for a scheduled shift at 6:00 p.m., the Plaintiffs were not paid for time worked until 6:00 p.m.

14. Under Defendant's timekeeping practices after May 6, 2018 if, for example, if any Plaintiffs clocked in at 5:54 p.m. for a scheduled shift at 6:00 p.m. the Plaintiffs were not paid for time worked until 6:00 p.m.

15. Defendant's stated reason for its change in practices effective May 6, 2018 was to "align our timekeeping with Department of Labor regulations." Defendant has maintained these practices with full knowledge that they are in violation of the FLSA and the Department of Labor's related regulations.

16. Since at least 2009, the regulations promulgated pursuant to the FLSA allowed "rounding" of time to the nearest quarter hour. The regulations only allow for rounding time "down" to result in 7 minutes of unpaid work. The regulations also only allowed for "rounding" time down if time would also be rounded "up" under an arrangement that "averages out so that the employees are fully compensated for the time they actually worked." 29 CFR 785.48(b)

17. Defendant also fails to pay Plaintiffs for all of the rounded down overtime they worked each workweek. Instead, Defendant would pay Plaintiffs "regular" pay for some of the overtime hours worked during individual work weeks. Defendant has maintained these practices with full knowledge that they are in violation of the FLSA and the Department of Labor's related regulations.

18. Each week for which overtime pay obligations are based upon 29 U.S.C. 207(a) stands alone and entitlement to overtime pay for a particular work week cannot be calculated based on averaging, or aggregating, hours worked in any other week for hourly exempt employees such

as the Plaintiffs and similarly situated employees.  At all relevant times since September 2016 Defendant was aware that 29 CFR 778.104 provides:

> The Act takes a single workweek as its standard and does not permit averaging of hours over 2 or more weeks. Thus, if an employee works 30 hours one week and 50 hours the next, he must receive overtime compensation for the overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in the 2 weeks is 40. This is true regardless of whether the employee works on a standard or swing-shift schedule and regardless of whether he is paid on a daily, weekly, biweekly, monthly or other basis. The rule is also applicable to pieceworkers and employees paid on a commission basis. It is therefore necessary to determine the hours worked and the compensation earned by pieceworkers and commission employees on a weekly basis.

19. Before clocking in, the Plaintiffs are required to be dressed to perform work, including wearing a hard hat, boots and ear protection.  Typically, the scheduled start time of Plaintiffs' shift were / are the same as the scheduled end time of the shift of another employee who was being relieved.  Plaintiffs were / are required by Defendant to coordinate work progress with employee being relieved from the prior shift.  Plaintiffs routinely performs work tasks before and after the scheduled shift times, while having clocked in, for which they are not paid by Defendant. Coordinating work progress with the employee working the prior/scheduled shift is required by Defendant and was an integral part of the performance of job duties of Plaintiffs and the required coordination between employees was for the direct benefit of Defendant.

20. Almost every month Defendant paid Plaintiffs a bonus.  The amount of the bonus was not included in the regular hourly rate from which the overtime pay rates were calculated. The bonus payments are not any of the types of payments excluded in 29 U.S.C. § 207(e) Defendant has maintained these practices with full knowledge that they are in violation of the FLSA and the Department of Labor's related regulations.

21. Plaintiffs should have been paid at least the minimum cash wage for all time recorded by Defendant after clocking in until clocking out during weeks that he worked less than 40 hours.

22. Plaintiffs should have been paid for hours worked in excess of 40 hours in each single week at time and a half a regular hourly rate which included the monthly bonus payment.

23. Plaintiffs should have been paid time and a half the regular hourly rate for all time recorded by Defendant after clocking in and until clocking out which exceeded 40 hours in each single workweek.

24. At all times pertinent to the claims asserted herein, and specifically from September 2016 to the present, the Defendant's practices and procedures ensued that Plaintiffs were not, on average, fully compensated for time actually worked. On a daily, weekly, monthly and annual basis the Defendant's "rounding" arrangement averaged out so that Plaintiffs are paid for less time than they actually worked as quantified by the times clocked in and out.

25. Defendant's failure to pay each Plaintiff the compensation, including overtime pay, to which they were entitled under the FLSA as alleged herein was willful, intentional, unreasonable, and not in good faith.

26. Precise calculations, and exemplar calculations, of the violations described in this Complaint can be provided upon complete production of each Plaintiff's time and pay records for the period encompassing all pay periods within three years of the filing of this Complaint.

## COUNT I
(FLSA)

27. All preceding allegations are incorporated as though fully set forth herein.

28. The FLSA entitles employees to minimum hourly compensation of $7.25 for hours worked under 40 in a week. 29 U.S.C. § 206(b).

29. The FLSA entitles employees to pay at 1.5 times the employee's regular hourly rate for hours worked in excess of 40 hours each workweek. 29 U.S.C. § 207(a).

30. By failing to pay Plaintiffs for time Plaintiffs were clocked in, and working and/or available to work prior to, or after, each Plaintiffs' scheduled shift (unless the additional time exceeded 30 minutes on any one particular shift), Defendant violated the FLSA's minimum wage mandates and overtime pay mandates.

31. By failing to pay overtime at 1.5 times an hourly rate that included monthly bonus payments, Defendant violated the FLSA's overtime pay mandate.

32. By failing to pay overtime at 1.5 times the regular hourly rate for all hours worked in excess of 40 hours in each work week, Defendant violated the FLSA's overtime pay mandate.

33. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
(Alternative, Common Law Claims)

34. All preceding allegations are incorporated as though fully set forth herein.

35. To the extent that it may be determined that the FLSA does not provide a cause of action for Plaintiffs to recover wages for time he was clocked in and available to work, during weeks in which he worked less than 40 hours, in the alternative Plaintiffs claims they are entitled to recover from Defendant for the value of the time each worked, but was not paid for, under common law theories of quantum merit and/or unjust enrichment. Plaintiffs seeks to recover wages for all uncompensated work performed up to 40 hours per week, as opposed to overtime work.

36. Plaintiffs reported to work, clocked in, and were available to work and/or working as directed by Defendant and for the benefit of Defendant, but received no compensation for that part of his time and work which was "rounded" down.

37. Plaintiffs performed work which enabled Defendant to produce goods which Defendant sold to generate revenue, but Plaintiffs were not paid for his work. Defendant knew that Plaintiffs performed work between clocking in and clocking out, for which each was not compensated by Defendant. Defendant elected to accept the benefits of Plaintiffs' uncompensated work.

38. Defendant was unjustly enriched at Plaintiffs' expense.

39. Plaintiffs are each entitled to recover damages as calculated by the amount of time he was clocked in, but not paid for, at the hourly rate he was paid for other work performed in the same week.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully requests that this Court grant the following relief:

A. A declaratory judgment that Defendant's wage practices alleged herein violate the FLSA, 29 U.S.C. § 201 *eq seq*, and attendant regulations at 29 C.F.R. § 516 *et seq*.

B. An order directing Defendant, at its own expense, to investigate and account for the number of hours actually worked by each Plaintiff for each workweek.

C. Judgment for damages under the FLSA for unpaid wages for time worked by Plaintiffs during weeks in which each worked less than 40 hours, or alternatively for damages under state common law.

D. Judgment for damages for all unpaid and/or underpaid overtime compensation under the FLSA 29 U.S.C. § 201 *eq seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.*

E.	Judgment for liquidated damages pursuant to FLSA 29 U.S.C. § 201 *eq seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.* in an amount equal to all compensation owed to Plaintiffs under the FLSA for unpaid or underpaid compensation during the applicable statutory period.

F.	Judgment for any and all civil penalties to which Plaintiffs may be entitled.

G.	An order directing Defendants to pay prejudgment interest, reasonable attorneys' fees and all costs connected with this action.

H.	Judgment for any and all compensatory damages to which Plaintiffs may be entitled under applicable law.

I.	All damages for which judgment is sought to be calculated and awarded through the date of trial, or through the date that Defendant terminates the pay practices described herein, whichever is earlier.

J.	Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury on all questions of fact raised in the Complaint.

Respectfully submitted,

**HOLSTON, VAUGHAN & ROSENTHAL, LLC.**

By: /s/ Ian D. Rosenthal
Ian D. Rosenthal – ROSEI6905
Attorney for Plaintiffs
P.O. Box 195
Mobile, AL 36601
(251) 432-8883 (office)
(251) 432-8884 (fax)

**SIMS LAW FIRM, LLC.**

Patrick H. Sims – SIMSP8145
Attorney for Plaintiffs
P.O. Box 7112
Mobile, AL 36670
(251) 725-1316 (office)
Email: patrick@simslawfirm.net

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Outokumpu Stainless USA, LLC
Corporation Service Company, Inc. Reg. Agent
641 South Lawrence Street
Montgomery, Alabama 36104